IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41039
Conference Calendar
_____

JEFFERY ELGIN CRUMEDY,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:95-CV-438
- - - - - - - - - -

April 16, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

     Jeffery Elgin Crumedy, Texas prisoner # 612356, appeals the

denial of his 28 U.S.C. § 2241 petition seeking credit towards

his federal sentence for time served in state custody.  The

petition was proper under § 2241 because Crumedy is challenging

the execution of his federal sentence.  See United States v.

Cleto, 956 F.2d 83, 84 (5th Cir. 1992).  Because his petition was

filed before the enactment of the Antiterrorism and Effective

Death Penalty Act, neither a certificate of probable cause nor a

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

certificate of appealability is required.  See <u>Green v. Johnson</u>, 116 F.3d 1115, 1119-20 (5th Cir. 1997); <u>Ojo v. INS</u>, 106 F.3d 680, 681-82 (5th Cir. 1997).

Crumedy is, however, required to exhaust administrative remedies before proceeding.  See <u>United States v. Wilson</u>, 503 U.S. 329, 335 (1992); <u>United States v. Dowling</u>, 962 F.2d 390, 393 (5th Cir. 1992).  The Bureau of Prisons ("BOP") determined that Crumedy's claim was premature because it will not calculate Crumedy's sentence, including any credit for time served, until he reports for federal custody.  See <u>Wilson</u>, 503 U.S. at 334-35. Since his sentence has not yet been calculated, Crumedy's § 2241 petition is likewise premature.  Additionally, his claim for credit appears to be without merit on its face.  See <u>Savage v. Henderson</u>, 475 F.2d 78, 79 (5th Cir. 1973).  The district court's judgment is AFFIRMED.