# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30701
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DEREK WYANDON,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CR-175-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Appellant challenges the district court's denial of his motion to modify his sentence, which he characterizes as a motion under Rule 36 of the Federal Rules of Criminal Procedure. Appellant believes that, during imposition of sentence on February 17, 2011, the district court made an oral pronouncement that Appellant would receive federal sentencing credit for the time he spent in federal custody prior to his federal sentencing. Appellant now asks for the district court's written judgment to be modified to reflect the oral

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30701

pronouncement. On appeal, the parties dispute which standard of review we should apply to the district court's denial of Appellant's motion, and whether these proceedings should more properly have been brought under 28 U.S.C. § 2241.

We need not resolve these issues, however, in the present appeal. The Attorney General, through the Bureau of Prisons, is responsible for computing sentencing credit under 18 U.S.C. § 3585, as the Supreme Court explained in *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). The district court has no authority to make these computations during the oral pronouncement of sentence. A prisoner may only "seek judicial review of these computations after exhausting [his or her] administrative remedies," which cannot occur until "[a]fter a district court sentences a federal offender."[1] Here, Appellant has now exhausted his administrative remedies, but obviously could not have done so when the district court imposed sentence on February 17, 2011. At that time, the Attorney General's computation of credit had not yet been made.

The district court therefore had no authority to make any binding decision regarding sentencing credit during the oral pronouncement of Appellant's sentence. In the present appeal, moreover, Appellant has never argued that the Attorney General's computation of his sentencing credit was wrong on any basis other than its deviation from the district court's oral pronouncement. The Attorney General was not bound, however, by a

---

[1] *Wilson*, 503 U.S. at 334-35; *see also United States v. Setser*, 607 F.3d 128, 132-33 (5th Cir. 2010) ("[T]he prisoner must first seek administrative review of the computations of his credit, and, once he has exhausted his administrative remedies, the prisoner may only *then* pursue judicial review of these computations.") (internal alterations and quotation marks omitted); *Hull v. United States*, 199 F.3d 438, at *1 (5th Cir. 1999) (per curiam); *Crumedy v. United States*, 180 F.3d 261, at *1 (5th Cir. 1999) (per curiam); *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) (explaining that "§ 3585(b) does not authorize a district court to compute credit for time spent in official detention at sentencing" because "credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing").

No. 13-30701

pronouncement that the district court had no authority to make.  The denial of Appellant's motion, therefore, is AFFIRMED.

AFFIRMED.